IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RYAN CUNNINGHAM

      **Plaintiff,**

v.

THE VILLAGE OF SAUGET, ILLINOIS,
RICHARD SAUGET, JR., PATRICK
DELANEY, JEFF DONAHEY, BRIAN
PHILLIPS, and RENEE SHERMAN, In
Their Individual and Official Capacities,
and IRC L.P., d/b/a PENTHOUSE CLUB, and
MRC L.P., d/b/a PT's SPORTS CABARET

      **Defendants.**               **Case No. 06-cv-570-DRH**

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

## I. INTRODUCTION

      Before the Court are two separate Motions to Dismiss, both of which have been fully briefed by the parties. The first Motion to Dismiss (Doc. 19) was filed by defendants IRC L.P. d/b/a Penthouse Club ("IRC") and MRC, L.P. d/b/a PT's Sports Cabaret ("MRC"), pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**. The second **Rule 12(b)(6)** Motion (Doc. 22) was filed by defendants the Village of Sauget, Illinois ("Village"), Richard Sauget, Jr., Patrick Delaney, Renee Sherman, Brian Phillips and Jeff Donahey (collectively referred to as "the Sauget Defendants"). IRC and MRC move to dismiss all of Plaintiff's claims in his First Amended Complaint

(Doc. 10) against them, whereas the Sauget Defendants move to dismiss Counts II through XI.

## II.  BACKGROUND

Plaintiff initially filed this **42 U.S.C. § 1983** suit on July 20, 2006 (Doc. 2).  He subsequently amended his Complaint on November 9, 2006 (Doc. 10), after the Sauget Defendants filed a Motion for More Definite Statement (Doc. 7).[1]  In his First Amended Complaint, Plaintiff pleads the following: in Count I, Plaintiff brings a claim of use of Excessive Force in violation of his Fourth Amendment rights against defendants Donahey, Phillips and Sherman (all law enforcement officers of the Village of Sauget); in Count II, Plaintiff states a claim for violation of his First Amendment freedom of speech rights against defendants Donahey, Phillips and Sherman; in Count III, Plaintiff states a claim of Retaliation, in violation of his civil rights, against defendants Donahey, Phillips and Sherman; in Count IV, Plaintiff states a claim for Conspiracy to Retaliate, in violation of his civil rights, against the Village of Sauget, Richard Sauget, Jr. (the Mayor of the Village of Sauget), Patrick Delany (the Chief of Police of the Village of Sauget), Donahey, Phillips and Sherman; in Count V, Plaintiff states a common law Assault and Battery claim against defendants Donahey, Phillips and Sherman; in Count VI, Plaintiff states a common law Intentional Infliction of Emotional Distress claim against defendants Donahey,

---

[1]  The Court issued an Order (Doc. 28), finding as moot the Motion for More Definite Statement, in light of Plaintiff's Amended Complaint, though the amended pleadings would not win the artful and clarity divisions in a pleadings competition.

Phillips and Sherman; in Count VII, Plaintiff states a common law Illegal Conspiracy claim against all Defendants; in Count VIII, Plaintiff states a Constitutional Deprivation claim against the Village of Sauget; in Count IX, Plaintiff states a common law claim of Negligent Hiring, Supervision and Retention against the Village of Sauget, Richard Sauget, Jr. and Patrick Delaney; in Count X, Plaintiff states a common law Malicious Prosecution claim against defendants Delaney, Donahey, Phillips and Sherman; and in Count XI, Plaintiff states a common law claim of Respondeat Superior for Assault and Battery, False Arrest, Malicious Prosecution, Negligent Supervision, and Intentional Infliction of Emotional Distress against the Village of Sauget.

This suit stems from the following incident, as alleged in Plaintiff's First Amended Complaint (Doc. 10). On July 23, 2004, plaintiff Ryan Cunningham was driving his pickup truck through the Village of Sauget, Illinois when he was stopped by Donahey, Phillips and Sherman, all law enforcement officers employed by the Village, who accused him of theft (Doc. 10, ¶¶ 9, 14 & 15). When Plaintiff protested that he had not stolen anything, defendants Donahey, Phillips and Sherman arrested Plaintiff on charges of driving on a revoked license and resisting arrest (*Id*. at ¶ 16). During the arrest, Plaintiff alleges defendants Donahey, Phillips and Sherman interrogated, threatened and beat him (*Id*. at ¶¶ 17 & 18). On November 1, 2005, the charges brought against Plaintiff during his arrest were dismissed on the merits (*Id*. at ¶ 26). Plaintiff further makes various allegations of conspiracy.

Finally, Plaintiff alleges that due to Defendants' collective actions, he has

suffered personal injury, loss of freedom, loss of property, indignity, mental suffering, emotional strain, and humiliation (*Id*. at ¶ 28).  As damages, Plaintiff seeks a declaratory judgment that Defendants have violated the Constitution of the United States and the laws of the State of Illinois, an injunction requiring Defendants adopt "effective remedial measures," as well as compensatory and punitive damages, attorney fees, costs, and prejudgment interest (*Id*. at p. 12).

### III.  DISCUSSION

Even though there are two separate Motions to Dismiss (Docs. 19 and 22), the Court will analyze the merits of both in this single Order.

### A.  FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Previously, when ruling on a motion to dismiss for failure to state a claim pursuant to **Rule 12(b)(6)**, the district court assumes as true all facts well-pled plus the reasonable inferences therefrom and construes them in the light most favorable to the plaintiff.  ***Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) *Dist. 207*, 29 F.3d 1149, 1151 (7th Cir. 1994)**).  The question is whether, under those assumptions, the plaintiff would have a right to legal relief.  ***Id***.  This standard was articulated as such:

> [U]nder "simplified notice pleading," . . . the allegations of the complaint should be liberally construed, and the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

***Lewis v. Local Union No. 100 of Laborers' Int'l Union*, 750 F.2d 1368, 1373 (7th Cir. 1984)(quoting *Conley v. Gibson*, 355 U.S. 41, 46-47 (1957))**.

The Seventh Circuit recently reiterated the liberal standard governing notice pleading:

> Rule 8 was adopted in 1938, and *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), stressed that it does not require fact pleading. It is disappointing to see a federal district judge dismiss a complaint for failure to adhere to a fact-pleading model that federal practice abrogated almost 70 years ago. As citations in the preceding paragraphs show, however, this is among many similar dispositions that the Supreme Court and this court have encountered recently and been obliged to reverse.

*Vincent v. City Colleges of Chicago*, 485 F.3d 919, 924 (7th Cir. 2007)(footnote omitted); *see also Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998); *Kaplan v. Shure Brothers, Inc.*, 153 F.3d 413, 419 (7th Cir. 1998).

However, in a recent opinion issued on May 21, 2007, the Supreme Court determined that **Conley's** famous "no set of facts" phrase "ha[d] earned its retirement." **Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1969 (May 21, 2007)**. According to the Supreme Court, the threshold pleading requirement of **FEDERAL RULE OF CIVIL PROCEDURE 8** requires a complaint allege "enough facts to state a claim to relief that is *plausible* on its face" in order to survive a **Rule 12(b)(6)** Motion to Dismiss for failure to state a claim for which relief can be granted. **Id. at 974 (clarifying that a "heightened fact pleading of specifics" is not required)(emphasis added)**. In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." **Id. at 1964-65 (alteration in**

original)(quoting *Papasan v. Allain*, **478 U.S. 265, 286 (1986)**).  The plaintiff must plead factual allegations which show the right to relief exists beyond mere speculation by "rais[ing] a *reasonable expectation* that discovery will reveal evidence" to substantiate the plaintiff's claims.  *Id.* **at 1965**.

**B.      IRC and MRC's Motion to Dismiss**

Defendants IRC and MRC have moved to dismiss all claims stated against them in Plaintiff's First Amended Complaint pursuant to **Rule 12(b)(6)**. Defendants IRC and MRC are tied into this suit by way of a single common law illegal conspiracy claim, plead in Count VII.  IRC and MRC argue that even considering the liberal notice-based pleading standards required in federal court, Plaintiff nonetheless fails to properly plead a claim of conspiracy, instead offering broad, conclusory statements (Doc. 19, pp. 6-10).  Plaintiff opposes the Motion, countering in his Response (Doc. 25) that his allegations sufficiently meet the federal pleading requirements, as "a plaintiff need not plead any tortious act, felonious act, or independent constitutional deprivation to properly state a claim for conspiracy to retaliate under Federal law" (*Id.* at 4, citations omitted).  All that is needed, Plaintiff explains, is to allege that Defendants acted "with an improper retaliatory motive" (*Id.*).  As Plaintiff states he has alleged both the illegal agreements existing among Defendants and the unconstitutional acts giving rise to his injuries, his conspiracy claim should survive a **Rule 12(b)(6)** dismissal (*Id.*).

Plaintiff's various allegations of conspiracy are as follows:

> [The Village] conspired with others to illegally protect the profits of Sauget's saloons, nightclubs, and cabarets and illegally protect the economic and political power of the Sauget family by violating the constitutional rights of United States citizens . . . by the unreasonable uses of force and unreasonable searches and seizures; and . . . conspired to illegally retaliate against United States citizens who complained about police misconduct"

(*Id.* at ¶¶ 12(c), (g) & (h) - Operative Facts).

> For many years now, beginning over two decades ago and continuing to the present, the Village of Sauget, its Mayor, Chief of Police, and Police Department conspired together with Mississippi Ave., Inc., National Sports and Recreations, Inc., Sauget Properties, Inc., Sauget Rentals, Inc., IRC L.P., MRC L.P. and Mega Leasing, Inc., Pops, Oz, PT's, Diamond Cabaret, and Penthouse to illegally protect the profits of these establishments by violating the constitutional rights of United States citizens; namely the right to be free from unreasonable searches, seizures, uses of force, arbitrary and capricious abuses of governmental power, and illegal retaliation.

(*Id.* at ¶ 13 - Operative Facts).

> In violation of the plaintiff's 42 U.S.C. § 1983 rights, the defendants agreed with each other, Sauget cabaret managers and security personnel, and other Sauget police officers, to retaliate against United States citizens when the citizens complained about police misconduct, and to increase the profits of the Sauget Family, and Donahey, Phillips, and Sherman injured the plaintiff in furtherance of the agreement.

(*Id.* at ¶ 36 - Count IV - 1983 Conspiracy to Retaliate against Village, Richard Sauget, Jr., Delany, Donahey, Phillips and Sherman).

> The defendants agreed with each other and other Sauget cabarets managers and security employees and other Sauget police officers to illegally protect the profits of the nightclubs and illegally protect the economic and political power of the Sauget family by violating the civil rights of United States Citizens,

Page 7 of 18

including the plaintiff, and Donahey, Phillips and Sherman injured the plaintiff in furtherance of the agreement.

(*Id.* at ¶ 42 - Count VII, Illegal Conspiracy against all Defendants).

Under Illinois law, civil conspiracy is defined as "(1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious [overt] act by one of the con-conspirators in furtherance of the agreement that causes injury to the plaintiff" that results in damages. **Borsellino v. Goldman Sachs Group, Inc., 477 F.3d 502, 509 (7th Cir. 2007)(noting that the agreement is a vital element to this cause of action)(citing McClure v. Owens Corning Fiberglas Corp., 720 N.E.2d 242, 258, 188 Ill.2d 102 (1999)).** Similarly, to state a cause of action for civil conspiracy under **§ 1983**, Plaintiff must show (1) existence of a conspiracy and (2) the conspiracy caused his deprivation of rights protected by federal law. **Vasquez v. Hernandez, 60 F.3d 325,  (7th Cir. 1995)(citing Bell v. City of Milwaukee, 746 F.2d 1205, 1254 (7th Cir. 1984)).**

The Court does not find Plaintiff has properly stated claims for either his Illinois law claim of civil conspiracy or his federal **§ 1983** claim of civil conspiracy.  Even considering the liberal federal notice pleading standards, mere conclusory allegations which lack factual assertions will not suffice nor withstand a **Rule 12(b)(6)** motion to dismiss. **See e.g., Mid-America Reg'l Bargaining Assoc. v. Will County Carpenters Dist. Council, 675 F.2d 881, 886 n.13 (7th Cir. 1982)(citing Larry R. George Sales Co. v. Coal Attic Corp., 587 F.2d 266, 273**

**(5th Cir. 1979)("A general allegation of conspiracy . . . without a statement of the facts constituting the conspiracy, is a mere allegation of a legal conclusion and is inadequate of itself to state a cause of action.");** *see also* **Briscoe v. LaHue**, 663 F.2d 713, 723 (7th Cir. 1981), *aff'd,* 460 U.S. 325 (1983)(**when dealing with a** *pro se* **litigant's § 1983 claim of civil conspiracy noted, "[b]ut even under the generous standard of** *Haines* **[(which cites the** *Conley* **"no set of facts" standard)], conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss.")(citing** *Haines v. Kerner*, 404 U.S. 519, (1972)). In other words, as the Seventh Circuit has previously stated, "[a] party may not cry 'conspiracy' and throw himself on the jury's mercy." **Kelley v. Myler, 149 F.3d 641, 649 (7th Cir. 1998)(quoting** *Gramenos v. Jewel Companies, Inc.,* **797 F.2d 432, 436 (7th Cir. 1986)).**

First, in considering Plaintiff's allegations that mention defendants IRC and MRC by name (Doc. 10, ¶¶ 13 & 42), there is no tie-in as to how Plaintiff's arrest and the subsequent events relate whatsoever to this "Sopranosesque" conspiracy to protect the profits of the Sauget nightclubs and cabarets. The First Amended Complaint contains absolutely no information to show Plaintiff attended or was near any nightclubs or cabarets when he was arrested, nor are there allegations that he made a statement or complaint concerning IRC's or MRC's clubs. Likewise, there are no allegations of statements made by defendants IRC and MRC regarding Plaintiff that would connect him to this alleged vast conspiracy of the Sauget nightclubs and

cabarets.  As defendants MRC and IRC posit that if Plaintiff's allegations sufficiently state a claim of conspiracy, then "any time there is an alleged violation of 'civil rights' by members of the Village's Police Department . . . the Cabaret Defendants[2] [will] bear responsibility for these actions, irrespective of whether such action bears any relationship to the Cabaret Defendants whatsoever" (Doc. 19, pp. 9-10).  As for the other Defendants alleged to be involved in this conspiracy, the Court strains to find the connection between how police retaliation against United States citizens could be orchestrated to "protect the profits" of the nightclubs and, as Plaintiff calls it, "the Sauget family" (Doc. 10, ¶¶ 12, 13, 36 & 42).  Plaintiff fails to give sufficient information showing the existence of a conspiracy, let alone how this conspiracy served to deprive him of his civil rights.

The fact that the Court is grasping at straws here is an understatement.  Surely, then, the Court has no trouble concluding that the federal pleading requirements as reiterated by the United States Supreme Court in ***Bell*** – that the allegations raise "a *reasonable expectation* that discovery will reveal evidence" to substantiate the plaintiff's claims – have not been met.  ***Id.* at 1965**.  This standard, when coupled with the Seventh Circuit's rejection of pleadings that merely state conclusory allegations of conspiracy, provides the basis for dismissing Plaintiff's claims of conspiracy, not only against defendants IRC and MRC, but against each and every defendant alleged to have been a member of this conspiracy.  Therefore,

---

[2]  IRC and MRC refer to themselves as the "Cabaret Defendants" in their Motion to Dismiss and supporting memorandum.

Counts IV and VII are hereby dismissed without prejudice.

**C.      The Sauget Defendants' Motion to Dismiss**

The "Sauget Defendants," which include the Village, Richard Sauget, Jr.
(the Mayor of the Village of Sauget), Patrick Delaney (the Chief of Police of the Village
of Sauget), Jeff Donahey, Brian Phillips and Renee Sherman (law enforcement
officers of the Village of Sauget), have moved to dismiss, pursuant to **Rule 12(b)(6)**,
Counts II through XI of Plaintiff's First Amended Complaint based upon the grounds
that such claims are either time-barred or insufficiently plead.  In support of their
Motion, the Sauget Defendants assert that the Illinois Local Governmental and
Governmental Employees Tort Immunity Act (hereinafter, the "Illinois Tort Immunity
Act") allows a one-year statute of limitations for civil claims against state entities and
employees, including municipalities.  **745 ILL. COMP. STAT. 10/8-101** (Doc. 23, pp.
3-4).  Plaintiff's common law claims, therefore, should be considered time-barred
under this Act, as the events giving rise to Plaintiff's claims occurred on July 24,
2004, yet Plaintiff did not file the instant suit until July 20, 2006.  Opposing the
argument that his common law claims are time-barred, Plaintiff offers that the
statute of limitations should not apply to his state claims because of the Illinois
savings statute (Doc. 26, p. 6).

Plaintiff initially filed suit in Illinois state court against the Village of
Sauget and Donahey on June 17, 2005, alleging claims of false imprisonment,
assault and battery, excessive force and also a claim of malicious prosecution against

the Village only.  This state suit was voluntarily dismissed by court order, pursuant
to Plaintiff's motion to dismiss, pursuant to **735 ILL. COMP. STAT. 5/2-1009**, on
October 3, 2006.[3]  The Illinois savings statute allows a plaintiff, when an action is
dismissed without prejudice, to re-file his claims "within one year or within the
remaining period of limitation whichever is greater . . . ."  **735 ILL. COMP. STAT.
5/13-217**.  Plaintiff thus argues that under the savings statute, the dismissal order
extended the statute of limitations until October, 2007, making the filing of the
instant suit timely.  Further, Plaintiff argues that the additional defendants and
claims present in the instant suit appropriately relate back to the operative facts
alleged in his initial Illinois state suit, under **FEDERAL RULE OF CIVIL PROCEDURE
15(c)**.  Conversely, the Sauget Defendants argue that case law shows additional
defendants constitute a separate action and cannot then relate back to the initial
pleadings.

       The Court need not deal with the issue of whether additional defendants
constitute a "separate action," for purposes of the Illinois savings statute, as it finds

---

[3]  Plaintiff attaches both a copy of its initial state court complaint and the order of
dismissal to his Response to the Sauget Defendants' Motion to Dismiss (*see* Doc. 26, Exs. A & B).
Although these documents are deemed to be outside of the pleadings, they can still be considered
by the Court when ruling on a **Rule 12(b)(6)** motion to dismiss, via judicial notice, as they are
matters of public record.  ***See 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 527 n.4 (7th Cir.
2000)(finding the district court properly relied upon an attached state court order of
dismissal and settlement statement when ruling on a motion to dismiss because the court
could take judicial notice of the state court order);** *see also **Henson v. CSC Credit Serv.*, 29
F.3d 280, 284 (7th Cir. 1994)("'[T]he district court may also take judicial notice of matters of
public record' without converting a 12(b)(6) motion into a motion for summary
judgment.")(internal citation omitted)**.

Plaintiff filed the instant suit *prior* to the dismissal of his initial suit.[4]  Plaintiff's

attempt to connect the instant suit back to the earlier state suit by way of **Rule 15(c)**

will simply not work, as **Rule 15(c)** does not apply to claims filed in "another

distinct proceeding."  *See Bailey v. N. Ind. Pub. Serv. Co.*, **910 F.2d 406, 413**

**(7th Cir. 1990)("Rule 15(c) only applies to amended pleadings in the same**

**action as the original, timely pleading," but inapplicable to a separate pleading**).

Clearly, this case was not a state action removed by Defendants to this Court, nor

was it re-filed with this Court once it had been dismissed in state court.  Instead, as

it currently appears to the Court, the timeline shows Plaintiff chose to file this as a

separate and distinct federal suit while the state suit was still pending.[5]  At issue,

then, are two separately-filed actions: the first is the state court complaint and the

second is the instant complaint, filed in federal court.  The Court will not apply the

doctrine of relation-back to claims stated in Plaintiff's separate state court complaint.

Accordingly, the common law claims stated in the instant suit are subject to the one-

year statute of limitations for all defendants who qualify under the Illinois Local

Governmental and Governmental Employees Tort Immunity Act, which includes the

Village and Donahey, as Plaintiff's claims also cannot relate back to his claims

_____

[4]  Plaintiff's initial suit, filed in Illinois state court, was not dismissed until October 3, 2006.
However, Plaintiff filed this suit on July 20, 2006 (and amended on November 9, 2006).

[5]  Whether Plaintiff's motion to voluntarily dismiss the state suit was filed prior to the filing
of the instant suit does not matter because under Illinois law, a voluntary dismissal is not effective
unless by order of the court.  **735 ILL. COMP. STAT. 5/2-1009;** *see Smith v. Cent. Ill. Reg'l*
*Airport*, **802 N.E.2d 250, 256, 207 Ill.2d 578, 584 (2003)("An order striking or dismissing a**
**complaint is not final until the circuit court enters an order dismissing the suit")**.

Page 13 of 18

against them in his state suit.[6]

Plaintiff's arrest and the surrounding events giving rise to many of his claims occurred on July 24, 2004.  Therefore, Plaintiff's filing of the instant suit on July 20, 2006, is outside of the one-year statute of limitations his common law claims of assault and battery, intentional infliction of emotional distress, negligent hiring and most of his respondeat superior claim, as these are all brought against state entities or employees.  Hence, these claims must be dismissed.  There is one exception: Plaintiff's claim of malicious prosecution could not actually accrue until the criminal prosecution was dismissed or terminated in Plaintiff's favor.  ***Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998)**.  In his First Amended Complaint, Plaintiff alleges that the resisting arrest charges were dismissed on the merits on November 1, 2005.  Therefore, his claims of malicious prosecution against defendants Delaney, Donahey, Phillips, Sherman and the Village (respondeat superior)  in the instant suit were timely filed and will survive dismissal.

Additionally, Plaintiff's **§ 1983** claims are not subject to the one-year statute of limitations.  Instead, because **§ 1983** does not have its own limitations period, it borrows from the forum state.  In Illinois, **§ 1983** claims are governed by the two-year statute of limitations applicable to personal injury actions.  **735 ILL. COMP. STAT. 5/13-202; *see also Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir.**

---

[6] Although not binding, the Court finds the rationale and holding of ***Protich v. Will County Health Department*** parallels the procedural history of this case and therefore, adopts a equivalent line of reasoning.  ***Protich v. Will County Health Dept.*, No. 02-cv-4796, 2002 WL 31875461 at \*2 (N.D. Ill. Dec. 24, 2002)(Leinenweber, J.)**.

**2005)(explaining that while this two-year limitations period applies to the §**
**1983 claims against state entities and employees, the one-year limitations**
**period of the Illinois Local Governmental and Governmental Employees Tort**
**Immunity Act still applies to the state law claims joined with the § 1983 claim);**
***Weiss v. Village of Downers Grove*, 588 N.E.2d 435, 437, 225 Ill. App. 3d 466,**
**469-70 (Ill. App. Ct. 1992)(concluding that the special limitations provision in**
**the Illinois Tort Immunity Act shall not be applicable to § 1983 claims, as it**
**would be "contrary to the Supreme Court's holding that the applicable statute**
**of limitations for a [§ 1983] action is the general personal injury limitations**
**period")(citing *Garrett v. Moore-McCormack Co.*, 317 U.S. 239 (1942)).**

       Although applying this two-year limitations period to Plaintiff's **§ 1983**
claims renders them timely filed, Defendants still move to dismiss Plaintiff's First
Amendment claim stated in Count II and his claim of Retaliation stated in Count III.[7]
Regarding Plaintiff's First Amendment claim against defendants Donahey, Phillips
and Sherman, the Sauget Defendants assert that Plaintiff fails to allege a violation of
freedom of speech (Doc. 23, p. 9).  Instead, Plaintiff appears to claim that excessive
force was used against him because he exercised his freedom of speech rights.
However, the Sauget Defendants assert that Plaintiff already has an excessive force
claim and therefore, his First Amendment claim is merely redundant.  The same is
argued for Plaintiff's claim of retaliation against defendants Donahey, Phillips and

---

[7]  The Sauget Defendants do not move to dismiss Count I of Plaintiff's First Amended
Complaint, which states a claim of excessive force.

Sherman.  As the Sauget Defendants point out, to show retaliation in violation of **§ 1983**, one must show defendants retaliated in response to Plaintiff's actions, which are constitutionally protected, such as First Amendment rights.  ***See Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996); *see also, e.g., Payne v. Pauley*, 337 F.3d 767, 776 (7th Cir. 2003)("[T]he First Amendment protects even profanity-laden speech directed at police officers . . . [who are] reasonably . . . expected to exercise a higher degree of restraint than the average citizen and should be less likely to be provoked into misbehavior by such speech.")(citing *City of Houston v. Hill*, 482 U.S. 451, 461 (1987)).**

Construing Plaintiff's claims in the light most favorable to him nevertheless leads the Court to conclude that Plaintiff's First Amendment and Retaliation claims are really just part and parcel of his excessive force claim and should not constitute separate counts.  To illustrate: in Count I, Plaintiff claims that defendants Donahey, Phillips and Sherman used excessive force in arresting him (Doc. 10, ¶¶ 29-30).  In Count II, he alleges that in violation of his First Amendment rights (apparently for "complaining about police misconduct"),[8] defendants Donahey, Phillips and Sherman used excessive force (*Id*. at ¶¶ 31-32).  Finally, in Count III, Plaintiff claims that in violation of his civil rights,  defendants Donahey, Phillips and Sherman injured him (with a retaliatory or wrongful motive) (*Id*. at ¶¶ 33-34).

---

[8]  By "complaining," Plaintiff does not allege he filed a formal type of grievance or complaint against the police officers, but instead, his allegations state that at the time of his arrest, he protested that he had not stolen anything (Doc. 10, ¶ 16).

Counts I, II and III, therefore, are circular in nature and are more appropriately plead as a single claim of excessive force.  Accordingly, Counts II and III shall be dismissed.

### IV.  CONCLUSION

Defendants IRC and MRC's Motion to Dismiss (Doc. 19) is hereby **GRANTED**.  Plaintiff's claims against IRC and MRC, as stated in Count VII of his First Amended Complaint (Doc. 10), are hereby **DISMISSED WITHOUT PREJUDICE**, for failure to state a claim upon which relief can be granted.  Moreover, Plaintiff's claims of conspiracy against the remaining Defendants, as stated in Counts IV and VII are also **DISMISSED WITHOUT PREJUDICE**, for failure to state a claim upon which relief can be granted, as upon its review of IRC and MRC's Motion, the Court found Plaintiff's allegations of conspiracy to be lacking regarding all named Defendants.

The Sauget Defendants' Motion to Dismiss (Doc. 22) is also **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's First Amendment (Count I) and Retaliation (Count II) claims are hereby **DISMISSED WITHOUT PREJUDICE**, for failure to state a claim upon which relief can be granted, as the Court finds they are more appropriately part of Plaintiff's Excessive Force claim as stated in Count I of his First Amended Complaint (Doc. 10).  Plaintiff's common law claims of Assault and Battery (Count V), Intentional Infliction of Emotional Distress (Count VI), Negligent Hiring (Count IX), and Respondeat Superior (Count XI), with the exception

of the vicarious liability for malicious prosecution, are hereby **DISMISSED WITH PREJUDICE**, because they are time-barred by the one-year statute of limitations of the Illinois Local Governmental and Governmental Employees Tort Immunity Act. **745 ILL. COMP. STAT. 10/8-101**.

In sum, Plaintiff's remaining claims are:

Count I:      Excessive Force against defendants Donahey, Phillips and Sherman;

Count X:      Malicous Prosecution against defendants Delaney, Donahey, Phillips and Sherman; and

Count XI:     Respondeat Superior for Malicious Prosecution against the Village of Sauget.

**IT IS SO ORDERED.**

Signed this 23rd day of August, 2007.

/s/        DavidRHerndon
**United States District Judge**